UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DIEGO QUIROZ,

    Petitioner,

vs.

MIKE McDONALD, Warden,

    Respondent.

No. C 09-4940 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case filed pro se by a state prisoner. The court issued an order to show cause as to two of petitioner's claims. Respondent has moved to dismiss the petition on grounds that the claims are barred by procedural default.[1] Petitioner has opposed the motion and respondent has filed a reply. For the reasons set out below, the motion will be granted.

## BACKGROUND

Petitioner pleaded guilty to burglary of an occupied building and voluntary manslaughter, both crimes occurring as part of a home invasion robbery. At sentencing the court imposed the agreed sentence, the upper term for manslaughter, eleven years, and a consecutive term of one year and four months for the burglary charge.

## DISCUSSION

Petitioner contends that: (1) his Sixth Amendment right to have a jury decide the facts upon which imposition of sentence would be based, applying the "beyond a reasonable doubt" standard, was violated; and (2) his sentence was cruel and unusual.

---

[1] Respondent's motion for an extension of time to answer the order to show cause (document number 4 on the docket) is **GRANTED**. The motion is deemed timely.

**I.    Claim One**

Petitioner contends that his Sixth Amendment rights were violated when he was sentenced to an upper term based on facts not tried to a jury and found by it applying the "beyond a reasonable doubt" standard. *See Cunningham v. California*, 549 U.S. 270, 273 (2007). He also contends that any waiver of those rights was not knowing and intelligent, partly because the rights were not established at the time of sentencing.

Respondent contends that petitioner procedurally defaulted this claim when he did not obtain from the state trial court a certificate of probable cause to appeal ("CPC").

The California Court of Appeal held that this claim was procedurally barred:

> Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.[¶] (b) The trial court has *executed and filed* a certificate of probable cause for such appeal with the clerk of the court." (Italics added.) This provision should be strictly enforced. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)
>
> Two types of issues may be raised notwithstanding the absence of a probable cause certificate: certain search and seizure issues; and issues regarding proceedings held subsequent to the plea for the purposes of determining the degree of the crime and the sentence. (*People v. Panizzon* (1996) 13 Cal.4th 68, 74 (*Panizzon*).) However, where the parties have agreed to a specific sentence as part of the plea agreement, a challenge to that sentence constitutes a challenge to the validity of the plea, and a certificate of probable cause must be obtained. (*Panizzon*, supra, 13 Cal.4th at p. 79 [challenge to a sentence that was imposed as part of a plea bargain was a challenge to the validity of the plea itself, requiring defendant to obtain a probable cause certificate]; *People v. Young* (2000) 77 Cal.App.4th 827, 832 (*Young*) [by claiming the maximum sentence he received pursuant to his plea agreement was unconstitutional, appellant was attacking validity of plea and had to obtain probable cause certificate].)
>
> Here, Quiroz challenges the constitutionality of the upper term sentence that was a part of his plea agreement. While Quiroz filed a notice of appeal and requested a certificate of probable cause, he did not obtain one. The absence of a certificate of probable cause precludes Quiroz's Sixth Amendment challenge.[2]

---

[2] The recent case of *People v. French* (2008) 43 Cal.4th 36 (*French*) is not to the contrary. There, the defendant agreed that he would receive an aggregate sentence of not more than 18 years in prison for multiple offenses. (*Id.* at p. 42.) In sentencing him to the 18 years, the trial court opted for the upper term on one of the counts, based on its finding of an

2

> In an attempt to avoid *Panizzon* and its progeny, Quiroz insists he is not contending there was anything wrong with the plea agreement itself, but simply that the court erred in imposing the sentence. His assertion is difficult to accept, since in the next breath-or at least the same page of his brief on the issue of estoppel-Quiroz represents there was a "constitutional defect in the agreement," and the "defect in this case was that Quiroz gave up-without knowing that he had them-his rights to a jury trial and proof beyond a reasonable doubt of aggravating factors, which were necessary to the imposition of an upper term." (Italics added.)

*Quiroz v. McDonald*, No. A116289, 2008 WL 2175303 at *4-5 (Cal. App. May 27, 2008) (footnote renumbered).

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default in state court bars the claim in federal court only if the state procedural rule was independent and adequate. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995); *Siripongs v. Calderon*, 35 F.3d 1308, 1316-18 (9th Cir. 1994). The procedural bar still applies even if the state court based its denial on alternative grounds, as long as at least one of them was an adequate and independent procedural ground. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

---

aggravating factor. (*Id.* at p. 43.) Our Supreme Court held that the defendant's subsequent challenge to the upper term on that count under *Cunningham* was not an attack on the validity of his plea agreement, and a certificate of probable cause was not required. (*Id.* at p. 45.) The court noted that, upon remand, the prosecution would still have the opportunity, as it did originally under the plea agreement, to convince the trial court that the upper term should be imposed. (*Id.* at pp. 45-46.) As the court noted elsewhere in its opinion, however, there is a fundamental distinction between a plea agreement in which a defendant (like French) stipulates to a maximum term-reserving the right to argue that he should obtain less than the maximum due to the absence of aggravating factors-and an agreement in which a defendant (like Quiroz) stipulates specifically to the imposition of the upper term. (*Id.* at p. 49.) An attack on the imposition of the upper term in the latter instance is unquestionably a challenge to an express term of the agreement. Furthermore, to hold now that Quiroz could get out of the upper term to which he agreed would either deprive the People of the upper term for which they bargained or burden the People with having to prove an aggravating factor that they did not have to prove under the plea agreement. (*See also French, supra*, 43 Cal.4th at p. 46 fn. 2 [disapproving *People v. Bobbit* (2006) 138 Cal.App.4th 445, which had held that a certificate of probable cause was not required for challenging a sentencing lid of 12 years eight months].)

Petitioner challenges neither the adequacy of the state procedural bar nor its independence.  It is clear from the appellate court opinion that it based its decision entirely on the bar, and that no federal basis for the result was involved.  *See Coleman*, 501 U.S. at 732-35 ("independent" means that the decision "fairly appears" not to be based on federal law, nor interwoven with it).  The bar was independent.

As to adequacy, the state has fulfilled its burden of alleging adequacy, and petitioner has not refuted that position by showing inconsistent enforcement.  *See Bennett*, 322 F.3d at 585-86.  The bar was adequate as well as independent.

Petitioner has not attempted to show that the exceptions (cause and prejudice or fundamental miscarriage of justice) apply to him.  He does assert that the state courts were wrong in their determination that the bar applied, but because the California courts are the final expositors of California law, this court must accept the state appellate court's conclusion as to its state procedural bar.  *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default).

Claim one is procedurally barred.

**II.    Claim Two**

Petitioner contends in claim two that his sentence was cruel and unusual, a violation of the Eighth Amendment.

This claim was rejected by the California Court of Appeal:

> Quiroz claims that his sentence constitutes cruel and unusual punishment, because he was perhaps the least culpable of all the defendants. He maintains that Magoulas was killed not by Quiroz, but by Johnson, with assistance from Carreon and Lewis. Johnson pleaded guilty to manslaughter and received a sentence that was three years eight months longer than Quiroz's. Lewis pleaded guilty to manslaughter and received an 11-year sentence, which was one year four months less than Quiroz. Furthermore, Quiroz argues, he had nothing to do with the planning of the burglary and he was not a leader in its execution.
>
> We begin by noting that the record does not support a factual assumption on which Quiroz bases his argument. The probation report indicates that the person who concocted the scheme to rob the Magoulas house-the victim's stepson's former girlfriend-showed a diagram of the victim's residence to those who were going to perpetrate the burglary and, in fact, drove Quiroz and others by the victim's house in the weeks before the murder. Quiroz was indeed

4

> involved with the planning of the burglary. As the probation report concluded: "It appears that Quiroz was a participant in the planning of the crime from the early stages, and certainly did nothing to render aid to the victim when he was in distress."
>
> In any event, as a matter of law, Quiroz cannot now challenge his sentence on the grounds of cruel and unusual punishment. In the first place, a constitutional attack on a sentence as cruel or unusual requires a certificate of probable cause. ( *Panizzon, supra*, 13 Cal.4th at p. 78 [challenge to sentence on ground it was disproportionate to sentences imposed on codefendants and thus violative of federal and state prohibitions against cruel and unusual punishment]; *People v. Cole* (2001) 88 Cal.App.4th 850, 862; *Young, supra*, 77 Cal.App.4th at p. 829.) The absence of a certificate of probable cause precludes Quiroz's challenge.
>
> In addition, Quiroz failed to raise a claim in the trial court that his sentence constituted cruel or unusual punishment. He therefore waived such a challenge on appeal. (*See People v. Norman* (2003) 109 Cal.App.4th 221, 229 [defendant forfeited his claim of cruel and unusual punishment by failing to object in the trial court]; *People v. DeJesus* (1995) 38 Cal.App.4th 1 [challenge to court's refusal to reduce convictions based on the constitutional prohibition against cruel and unusual punishment is waived if not raised in the trial court].)

*Quiroz*, 2008 WL 2175303 at *4-5.

For the reasons discussed above with respect to claim one, this claim is procedurally barred by petitioner's failure to obtain a CPC, and additionally, by the absence of a contemporaneous objection, a bar recognized by the Ninth Circuit. *See Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005).

## CONCLUSION

The motion to dismiss (document number 5) is **GRANTED**. This case is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 18, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\QUIROZ4940.RUL.wpd