UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DIEGO QUIROZ,

    Petitioner,

vs.

MIKE McDONALD, Warden,

    Respondent.

No. C 09-4940 PJH (PR)

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed pro se by a state prisoner. The court issued an order to show cause as to two of petitioner's claims. Respondent moved to dismiss the petition on grounds that the claims were barred by procedural default. The court agreed and dismissed the petition.

Petitioner has filed a notice of appeal. Although he does not ask for a certificate of appealability ("COA"), the notice of appeal will be deemed to be such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate). The court notes that the appeal may be untimely, but as that is a matter for the court of appeals, it will not be considered further here.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Even when a petition is dismissed on procedural grounds, as here, section 2253(c)(1) applies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the

district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Petitioner pleaded guilty to burglary of an occupied building and voluntary manslaughter, both crimes occurring as part of a home invasion robbery. At sentencing the court imposed the agreed sentence, the upper term for manslaughter, eleven years, and a consecutive term of one year and four months for the burglary charge.

Petitioner raised two issues in his federal petition, that his Sixth Amendment right to have a jury decide the facts upon which imposition of sentence would be based, applying the "beyond a reasonable doubt" standard, was violated; and that his sentence was cruel and unusual. The last state court to provide a reasoned opinion, the California Court of Appeal, rejected the first issue because petitioner had failed to obtain a Certificate of Probable Cause to Appeal ("CPC"), as required by California law for appeals from guilty pleas, *see* Cal. Penal Code § 1237.5, and the second both because he had failed to obtain a CPC and because he had not raised the claim in the sentencing court.

In opposition to the motion to dismiss petitioner contended that the California court had erred in holding that a CPC was necessary, so the claims were not procedurally defaulted. This court rejected that argument, saying: "[B]ecause the California courts are the final expositors of California law, this court must accept the state appellate court's conclusion as to its state procedural bar. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural

rules; refusing to review state court's finding of procedural default).″  The Ninth Circuit has, however, recently rejected a procedural default claim on what appears to be the ground that a state court erred in its application of its procedural rules.  *See Greenway v. Schriro*, 653 F.3d 790, 798-800 (9th Cir. 2011).  In light of this, a COA will be granted as to the first issue.  It will be denied as to the second issue because as to that claim there was a second basis for the procedural default holding, the lack of a contemporaneous objection, and that ground is well-recognized in the Ninth Circuit as a procedural bar.  *See Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005).

The request for certificate of appealability implied from the notice of appeal is **GRANTED** as to petitioner's claim that the sentencing facts should have been determined by a jury.  It is **DENIED** as to his second claim, that the sentence was cruel and unusual.

The clerk shall transmit the file, including a copy of this order, to the court of appeals.  *See* Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: November 18, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\QUIROZ4940.COA.wpd

3